**No. 51344.**—Protests 53857–K, etc., of Society Gloves et al. (New York).

Opinion by KINCHELOE, J.   It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).   In accordance therewith the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, OCTOBER 9, 1946

**No. 51345.**—Protests 965759–G, etc., of B. R. Anderson & Co. et al. (Seattle).

Opinion by CLINE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51346.**—Protests 52857–K, etc., of Atlas Marine Supply Co. et al. (Los Angeles and San Francisco).

Opinion by CLINE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51347.**—Protests 47357–K, etc., of Strawbridge & Clothier (Philadelphia).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

**No. 51348.**—Protest 47359–K of Morris Friedman (Philadelphia).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the

Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51349.**—Protest 63365–K of Schranz & Bieber Co., Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51350.**—Protests 34546–K, etc., of National Truss Co. et al. (Cleveland, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, OCTOBER 11, 1946

**No. 51351.**—Protests 772556–G, etc., of Geo. S. Bush & Co., Inc., et al. (Seattle).

MOLLISON, Judge: These suits, which were consolidated for trial and disposition, are for the refund of duties claimed to have been illegally exacted by the collector of customs in assessing duty on imported ground seaweed at the rate of 10 percent ad valorem under the provision in paragraph 1540, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 1540) for "seaweeds * * * manufactured," claiming the same to be entitled to free entry under the provision in paragraph 1705 of the same act (19 U. S. C. 1940 ed. § 1201, par. 1705) for "kelp."

Plaintiffs rely upon the construction of the seaweed provisions of the act made by the Court of Customs and Patent Appeals in the case of *Centennial Flouring Mills Co. et al.* v. *United States*, 29 C. C. P. A. 264, C. A. D. 200, wherein it was pointed out that in making provision for "kelp," a variety of seaweed, and "seaweeds,"—

* * * Congress intended to distinguish for tariff purposes between seaweeds, whether crude or manufactured, on the one hand, and kelp on the other * * *

and held that classification under paragraph 1705 should be given to—

* * * kelp, whether crude or manufactured, so long as it remained kelp * * *

In its effort to establish that the seaweed in question fell within the latter description, plaintiffs called to the stand Jesse G. Ogdon, deputy collector in charge of the liquidating division of the customs district of Washington. Mr. Ogdon, who had been a liquidator in the office of the collector of customs at the time the entries at bar were liquidated, stated that in the liquidation of such entries, "The collector's office didn't go into the question of what type of seaweed it was," i. e., made no finding whether the seaweed in question was or was not the variety of seaweed known as kelp.

In the case of *Albers Bros. Milling Co. et al.* v. *United States* (17 Cust. Ct. 104, C. D. 1027), decided concurrently herewith, a similar situation prevailed, and